## LONG v. UNITED STATES.
### No. 3529.

Circuit Court of Appeals, Tenth Circuit.

Oct. 3, 1947.

See, also, 160 F.2d 706.

Donald C. Allen, of Wichita, Kan., for appellant.

Haskell B. Pugh, Asst. U. S. Atty., of Anadarko, Okl. (Robert E. Shelton, U. S. Atty., of Oklahoma City, Okl., and William A. Berry, Asst. U. S. Atty., of Stillwater, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON and MURRAH, Circuit Judges.

PER CURIAM.

Appellant was tried to the court without a jury and convicted of unlawfully transporting, and aiding in the transportation, of one Rama Lou House in interstate commerce for immoral purposes, and for conspiring to commit the same offense. We affirmed on the sufficiency of the evidence. Long v. United States, 10 Cir., 160 F.2d 706. This appeal is from an order denying a motion for a new trial on the grounds of newly discovered evidence since the trial, conviction and affirmance.

The motion alleges that in the trial of the case Rama Lou House testified in effect that appellant registered her at the Franklin Hotel in Medford, Oklahoma, as his sister; that in affirming the judgment we commented upon this testimony as tending to substantiate the testimony of the girl to the effect that appellant and his co-defendant Gibson discussed the immoral purposes of the interstate journey before they crossed the state line, thus forming a factual basis upon which the trial court was warranted in finding that the appellant did assist in the interstate transportation of the girl (Rama Lou House), with guilty knowledge that his co-defendant would have, or attempt to have immoral relations with her. The motion further alleges that the hotel registration card, if produced in evidence on a trial of the case, would conclusively show that appellant did not register Rama Lou House as his sister or at all, and that when this bit of corroborative testimony is thus impeached there is no possible factual basis for the guilty verdict. It is alleged that this hotel registration card was in the possession of the Government at the time of the trial of the case and that it was concealed from the defendant who had no knowledge of its whereabouts.

Upon a hearing on the motion, it was shown that the hotel registration card for room 218 was not in the possession of any representative of the Government during the trial of the case, or at any other time.

The evidence tended to show that Rama Lou House's mother, Mary Lou Stephenson, obtained possession of the registration cards in question from the hotel on the night and at the time the appellant and his co-defendant were arrested in Medford, and that she delivered the registration card for room 202 directly to the United States Attorney, who introduced the same in evidence. The registration card for room 202 showed a registration for Mr. and Mrs. Alfred Gibson on the date in question, and the evidence established that appellant's co-defendant Gibson and Rama Lou House occupied this room as Mr. and Mrs. Alfred Gibson. It was not shown that on a new trial of the case the registration card for room 218 would be available as evidence. In overruling the motion for a new trial, the trial court observed that even though the registration card were available as evidence, it would be insufficient to justify a new trial.

In affirming the judgment of conviction, we stated it to be a fact that the entire party occupied a room (218) at the hotel, until Gibson suggested that Rama Lou register in another room (202) as his wife; that "Long protested, but Gibson persisted, and at his direction the girl registered in the name of Mr. and Mrs. Gibson." We do not understand that appellant Long registered Rama Lou in room 202 or that he actually registered her as his sister in room 218, which was occupied by the entire party. As we understood and credited the testimony of Rama Lou House, when appellant registered the entire party in room 218 he represented that she was his sister. We should not expect the registration card for room 218, if produced in evidence, to show that appellant actually registered Rama Lou as his sister.

The established fact is that the entire party occupied room 218 until the defendant Gibson induced Rama Lou to register in room 202 as his wife. It was in that room that Gibson attempted to have immoral relations with her and in which he was found when arrested. We simply held that these and other related circumstances, when considered together, tended to corroborate the testimony of Rama Lou House to the effect that the two defendants discussed immoral purposes before crossing the state line and the necessity of marriage as a means of avoiding prosecution. We were of the opinion that the evidence warranted the trial court's verdict, and we do not think that the production of the evidence offered in the motion for new trial would alter or change that result.

The judgment is affirmed.